IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carolina Pride, Inc., A South Carolina Corporation d/b/a The Lions Den, | ) ) ) | C.A. No. 3:08-04016-CMC |
| Plaintiff, | ) ) | OPINION AND ORDER GRANTING PLAINTIFF'S |
| vs. | ) ) | MOTION FOR SUMMARY JUDGMENT |
| Henry McMaster, South Carolina Attorney General, in his Official Capacity, H. B. Limehouse, Jr., South Carolina Secretary of Transportation, in his Official Capacity, | ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

This matter is before the court on Plaintiff's motion for summary judgment through which Plaintiff seeks the following relief:

(1)  summary judgment on "all" of Plaintiff's causes of action[2];

(2)  a declaration that S.C. Code Ann. § 57-25-145 *et seq.* (collectively "Section 57-25-145" or "Sign Statute") is unconstitutional both facially and as applied to Plaintiff based on the First and Fourteenth Amendments to the United States Constitution; and

(3)  a permanent injunction prohibiting Defendants and others acting with, through or for Defendants from enforcing Section 57-25-145 against Plaintiff, its agents, employees,

---

[1] A third Defendant, David M. Pascoe, Jr., Solicitor for the First South Carolina Judicial Circuit, was voluntarily dismissed on January 12, 2009.

[2] There are but two causes of action in Plaintiff's complaint. Both are founded on the legal argument that Section 57-25-145 violates the First and Fourteenth Amendments to the United States Constitution. The distinction is in the relief sought, with the first cause of action setting forth a claim for declaratory relief and the second seeking both preliminary and permanent injunctive relief. In addition, Plaintiff includes a demand for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(b) in its prayer for relief.

officers and others acting for, with, or on behalf of Plaintiff.

Dkt. No. 63 at 1.

For the reasons set forth below and in this court's earlier Amended Opinion and Order on Plaintiff's motion for a preliminary injunction (Dkt. No. 52), the court grants the motion for summary judgment in full.

## BACKGROUND

The Sign Statute was enacted in February 2006 as Act No. 235 (" the Act") and prohibits most businesses which offer sexually-oriented materials or entertainment from using any "off-premises, outdoor advertising . . . located within one mile of a public highway." S.C. Code Ann. § 57-25-145. Signs which would otherwise be prohibited by the Act, but which were in existence at the time of its passage, did not become subject to the Act's prohibitions until February 22, 2009.

Plaintiff maintains six such signs (at four locations) and filed this action on December 12, 2008, after being notified that its signs would be in violation of the Act if they were not removed by February 22, 2009. Plaintiff filed a motion for preliminary injunctive relief with its complaint. Dkt. No. 8 (motion and supporting memorandum filed December 12, 2008). That motion was set for oral argument in late January 2009, allowing for complete briefing prior to the hearing. *See* Dkt. No. 34 (notice of hearing); Dkt. Nos. 41 & 42 (responsive memoranda filed on January 22 and 23, 2009); Dkt. No. 45 (reply filed January 23, 2009).

Following oral argument on January 29, 2009, the court entered an opinion and order granting Plaintiff's motion for preliminary injunctive relief. That order set forth the court's reasoning in full. Dkt. No. 47 (order entered January 30, 2009). Given the nature of the action, a First Amendment challenge, the court focused its discussion on the merits, as to which the court

concluded that Plaintiff had shown a strong likelihood of success.[3]

On February 12, 2009, Defendants moved for reconsideration of the order granting the preliminary injunction. Dkt. No. 51. The court granted that motion in part, entering an Amended Opinion and Order on February 17, 2009. Dkt. No. 52. The modifications in the Amended Opinion and Order were, however, minor. The rationale and result remained the same as in the initial order.

No appeal was taken from the Amended Opinion and Order. Instead, the matter proceeded under a standard scheduling order. Dkt. No 43 (allowing discovery through August 21, 2009). Prior to the conclusion of the discovery period, Plaintiff filed a motion for summary judgment. Dkt. No. 63 (motion filed June 22, 2009). After obtaining an extension of time, Defendants responded on July 24, 2009. Dkt. Nos. 65 & 66 (extension request and order); Dkt. No. 68 (responsive memorandum). The briefing on the motion closed with Plaintiff's filing of a reply on August 3, 2009. Dkt. No. 69.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v.*

---

[3] In its recent decision in *The Real Truth About Obama, Inc. v. Federal Election Commission*, Slip. Op. No. 08-1977 (4th Cir. 2009), the Fourth Circuit addressed the preliminary injunction standard in light of *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365 (2008). Slip. Op. at 4-8. As the court explained, the new standard focuses first on the merits. Because of the nature of the present action, this court also focused on the merits in granting the preliminary injunction.

*Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**DISCUSSION**

To the extent relevant to the merits of Plaintiff's claims, the parties' memoranda are essentially the same as presented to the court in support of and in opposition to Plaintiff's motion for preliminary injunction.[4] The most significant difference in Defendants' memorandum is the inclusion of a brief discussion of *West Virginia Association of Club Owners & Fraternal Svcs., Inc., v. Musgrave*, 553 F.3d 292 (4th Cir. 2009) ("*West Virginia Association*"), a case which this court mentioned in the Amended Opinion and Order.[5]

Relying on *West Virginia Association*, Defendants argue that the Sign Statute directly advances South Carolina's interest in avoiding the secondary effects of sexually-oriented businesses.

---

[4] Both sides, of course, exclude discussion of the standard applicable to issuance of a preliminary injunction. Plaintiff, but not Defendants, adds discussion of the summary judgment standard as well as a recitation of the procedural history of this action.

[5] *West Virginia Association* was cited for the proposition that the court should focus on the merits when addressing a motion for a preliminary injunction founded on a First Amendment challenge. *See* Dkt. No. 52 at 9-10.

Defendants equate this interest to West Virginia's interest in limiting the form and content of advertising of that state's video gambling enterprise which was at issue in *West Virginia Association*. As the Fourth Circuit noted, West Virginia's advertising limitations were intended to "avoid amplifying the social ills associated with gambling." Dkt. No. 68 at 8 (quoting *West Virginia Association*, 553 F.3d at 303-04). That court also noted that "an unlimited right to advertise video lotteries poses the risk of spreading the negative effects of lotteries throughout the state."

The cited language from *West Virginia Association* is not, however, applicable to the present action because of the substantial differences in the underlying businesses being advertised. In the present case, the virtual ban on billboard advertising applies to private businesses engaged in a constitutionally protected form of expression. In contrast, the advertising at issue in *West Virginia Association* was "hybrid" speech related to "a single state owned and regulated video lottery[.]" *West Virginia Association*, 553 F.3d at 298 (noting speech was hybrid speech); *Id.* at 302 (finding state had "a substantial interest in conducting a lottery program that raises revenue for the state but remains moderate in nature and balanced in essence"). As the Fourth Circuit noted, "[t]he state's interest in conducting the lottery also falls squarely within the state's historic interest in regulating gambling pursuant to the state police power." *Id.* The regulations at issue in *West Virginia Association* are, therefore, wholly distinguishable from the statute at issue in this case.

**Factual Record.** The factual support offered by the parties for and against summary judgment is also the same as previously offered in support of or in opposition to the preliminary injunction motion.[6] Thus, there is no change in the record evidence from that presented prior to

---

[6] Plaintiff submits the December 15, 2008, declaration of Dennis Lester with attached pictures of Defendant's billboards. Defendants submit the January 12, 2009, affidavit of Keith Melvin. The Lester Declaration appears to be the same as the December 7, 2008 Declaration (also

issuance of the Amended Opinion and Order. No suggestion is made that there is a need for further discovery (assuming any has been conducted).[7] Neither is there any argument that the matter is not ripe for summary judgment other than, perhaps, Defendants' conclusory statement that Plaintiff has failed to "establish as a matter of law" that the commercial speech at issue relates to a lawful business.[8] Defendants have not, however, presented even a scintilla of evidence to contradict Plaintiff's claim that it operates a lawful business. *See* Lester Declaration ¶ 3 ("The store sells lawful, non-obscene erotic literature, videos and sundry other items to adults."). Defendants' argument as to this element of the *Central Hudson* test is, therefore, rejected for the reasons set forth in the Amended Opinion and Order at 13, n. 15.

**Other Arguments.** The court has carefully reviewed the parties' memoranda, the Amended Opinion and Order, and the authority cited in those documents. Having done so, the court concludes that its prediction as to the merits was correct: the Sign Statute violates the First Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. Having been presented with no new arguments except as noted above,[9] the court further finds that the Sign Statute

---

signed by Lester) which was filed with Plaintiff's motion for preliminary injunction. *See* Dkt. No. 8-3. The Melvin affidavit appears to be the same as filed in opposition to Plaintiff's motion for preliminary injunction. Dkt. No. 41-2.

[7] Neither is there any indication of what, if any, discovery has been conducted in this matter since entry of the Amended Opinion and Order granting the motion for preliminary injunction. In short, the record remains as it was when that Order was entered.

[8] This argument relates to the first prong of the test established by *Central Hudson Gas & Electric Co. v. Public Services Comm. of New York*, 447 U.S 557 (1980).

[9] Plaintiff argues that the court's prior analysis was correct. Defendants challenge that analysis, but do not direct the court to any specific errors.

6

is unconstitutional on its face and as applied to Plaintiff.[10] The court, therefore, adopts and incorporates herein the "Background" section from the Amended Opinion and Order (Dkt. No. 52 at 2-7) and the Discussion section which focused on the merits of Plaintiff's claims (Dkt. No. 52 at 9-22). The latter analysis is modified only to the extent of converting the prediction of success on the merits to a finding of success on the merits and as supplemented above.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion for summary judgment, finds S.C. Code Ann. § 57-25-145 *et seq.* unconstitutional as applied to Plaintiff, and grants a permanent injunction prohibiting Defendants and others acting with, through or for Defendants from enforcing S. C. Code § 57-25-145 *et seq.* against Plaintiff, its agents, employees, officers and others acting for, with, or on behalf of Plaintiff (including but not limited to any owner of a billboard on which Plaintiff's sign may be displayed).

**IT IS SO ORDERED.**

                                                    S/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 13, 2009

---

[10] Neither side has presented any argument distinguishing between a facial and an as-applied constitutional challenge. In any event, the Sign Statute is facially invalid because it effectively prohibits any billboard advertising of adult businesses without regard to content of the sign or legality of the business.